MARY E. WELCH, *et al. vs.* JOHN L. CUMMINGS.

JUNE 6, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Mortgages. Foreclosure. Action for Surplus.*

Property being subject to a first mortgage of $2,500 and a second mortgage of $1,500, defendant, the second mortgagee, foreclosed that mortgage, and at the sale bid $2,625.00, thinking such bid included the amount due under the first mortgage, but learning that plaintiff, the mortgagor, claimed that the bid was over and above the first mortgage, he repudiated the sale and no deed was delivered to him.

Plaintiff brought an action for money had and received to recover the surplus;

*Held*, that, as no money was paid defendant and he did not receive the equivalent of any money, inasmuch as he never received the title of the mortgagors to the premises or any interest constituting a consideration sufficient to create a liability for the alleged surplus the action did not lie.

*Held*, further that if plaintiff had sustained any injury by the act of defendant he had his remedy in an appropriate proceeding.

ASSUMPSIT for money had and received. Heard on exceptions of plaintiff and overruled.

BLODGETT, J. This is an action for money had and received. The defendant, John L. Cummings, sold a parcel of land in

Newport to the plaintiffs, Mary E. Welch and Patrick H. Welch, and as part payment of the purchase price took a mortgage upon the premises for $1,500.00, subject to a first mortgage for $2,500.00 given to the Savings Bank of Newport. Default having been made in the payment of this second mortgage to the defendant, he advertised the property to be foreclosed at public auction, which auction was held on July 12, 1909. The conditions of the sale were that the purchaser was to pay ten per cent. of the purchase money at the time of the sale and the balance upon delivery of the deed, which was to be delivered at the office of Jeremiah A. Sullivan on July 17th, 1909. A further condition allowed the mortgagee to resell if the 10 per cent. was not paid, as follows: "and if after paying the 10 per cent., as above provided the purchaser shall fail to pay the balance and take the deed, he shall forfeit said 10 per cent. paid by him and the property shall again be advertised for sale and sold under said mortgage and the purchaser in default of completing his purchase shall also be liable for such damage by reason of his default."

At the sale the defendant's attorney bid $2,600.00, the defendant raised the bid $25.00 and the property was knocked down to him at $2,625.00, but the defendant in making the bid thought that the bid included the $2,500.00, the amount of the first mortgage and that he was really bidding $125.00 towards the second mortgage. As soon as the defendant learned that the plaintiffs claimed his bid was $2,625 over and above the first mortgage, he repudiated the sale, and no deed of the property ever passed or was delivered to him or offered to him. Before Mr. Cummings took steps to hold a second sale under his mortgage the Savings Bank foreclosed the first mortgage. This suit is brought to recover the surplus from the bid of $2,625.00 after subtracting therefrom the $1,500.00 to pay off the second mortgage and the expenses of foreclosure. At the trial the court directed the jury to return a verdict for the defendant inasmuch as an action for money had and received would not lie upon the facts of this case, to which direction the plaintiffs excepted and the case is now before this court on their exceptions.

(1)    In *Tripp* v. *Ide*, 3 R. I. 51, this court decided, page 53, "The sale" (at foreclosure under power of attorney contained in the mortgage) "at auction did not vest the legal title of the estates in the several purchasers. That could be done only by deed under seal, duly acknowledged and recorded. As to three parts of the estate there was no proof that any such deeds were ever made. The purchasers have taken no steps to compel the plaintiff to make them a legal title. What right of action the neglect of the plaintiff may confer on Ide, in whose name she was acting, we need not consider. If he suffered any injury by her wilful negligence or careless misconduct, she may have made herself liable to him for it. That matter is not now before the court."

In the case at bar it is conceded that no money was paid to the defendant nor has the latter received the equivalent of any money inasmuch as he has never received the title of the mortgagors to the premises or their equity of redemption or any other title or interest therein constituting a consideration sufficient to create a liability for the alleged surplus for which suit is brought. If the plaintiffs have sustained any injury by the act of the defendant they have their remedy against him in an appropriate proceeding. But it is clear that this action for money had and received does not lie.

Plaintiffs' exception overruled and case remitted to the Superior Court for Newport County with direction to enter judgment for the defendant.

*Robert M. Franklin*, for plaintiff.

*Burdick & MacLeod*, for defendant.